<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CLEO-MYA HENDRICKSON, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>    Defendant. | Civil Action No. 24-09618 (GC) (TJB)<br><br><u>**MEMORANDUM OPINION**</u> |

<u>**CASTNER, District Judge**</u>

    **THIS MATTER** comes before the Court upon Defendant Freedom Mortgage Corporation's unopposed Motion to Dismiss *pro se* Plaintiffs Cleo-Mya Hendrickson and LaVarr-St. John Baxter's Complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6).[1] (ECF No. 6.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's Motion is **GRANTED**.

---

[1] The deadline for Plaintiff to oppose Defendant's Motion has elapsed and Plaintiff has failed to file any opposition. Given that Plaintiff is proceeding *pro se*, the Court is required to address Defendant's Motion to Dismiss on the merits even when unopposed by Plaintiff. *Jones v. Unemployment Comp. Bd. of Rev.*, 381 F. App'x 187, 189 (3d Cir. 2010).

I. **BACKGROUND**[2]

Plaintiffs allege that they received a notice of intent to foreclose from Defendant, who, Plaintiffs assert, "appear[s] to be a debt collector." (ECF No. 1 at 4.)[3] According to the Complaint, Plaintiffs asked Defendant to identify itself because Plaintiffs "[did] not recall any particular transaction with this servicer/debt collector and the identity is unknown" to them. (*Id.*) Plaintiffs allege that Defendant failed to "verify or validate the debt" or "provide admissible evidence of this alleged debt." (*Id.*) Plaintiffs contend that Defendant "reported fraudulent claims" that have "done severe damage to [Plaintiffs] and [their] credit." (*Id.*) Plaintiffs allege violations of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA). (*Id.*)

II. **LEGAL STANDARD**

   A. **Rule 12(b)(6) – Failure to State a Claim**[4]

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55

---

[2] On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[4] The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)).  When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)).  The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

  **B.** ***Pro Se* Leniency**

Plaintiff is proceeding *pro se* and "[t]he obligation to liberally construe a pro se litigant's pleadings is well-established." *Higgs v. Att'y Gen. of the United States*, 655 F.3d 333, 339 (3d. Cir 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  "'Courts are to construe complaints so 'as to do substantial justice,' Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004).  "Liberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**III.** **DISCUSSION**

  **A.** **FDCPA**

The FDCPA authorizes lawsuits against debt collectors who engage in certain prohibited debt collection practices.  15 U.S.C. § 1692k(a).  To establish a claim under the FDCPA, a plaintiff must allege that: (1) they are a consumer; (2) the defendant is a debt collector; (3) the plaintiff is

challenging a defendant's attempt to collect a "debt," as defined under the FDCPA; and (4) the defendant violated the FDCPA in attempting to collect the debt. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015).

Defendants contend that the FDCPA claim fails on the second element as Plaintiffs do not establish that Defendant is a "debt collector." (ECF No. 6 at 9-10.) The Court agrees. Under the FDCPA, a "debt collector" is either (1) a person who uses an instrument of interstate commerce to engage in business, "the principal purpose of which is the collection of any debts" ("the principal purpose" definition); or (2) a person who "regularly collects or attempts to collect . . . debts owed or due . . . [to] another" (the "regularly collects" definition). *Cabrera v. Nazor*, Civ. No. 23-2745, 2024 WL 310523, at *6 (D.N.J. Jan. 25, 2024) (quoting 15 U.S.C. § 1692a (6)). The term does not encompass so-called "creditors" who seek to recover a debt owed to them personally. *See* 15 U.S.C. § 1692a(6)(A) (stating that the term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor"); *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018) ("Creditors—as opposed to 'debt collectors'—generally are not subject to the [FDCPA].").

While Plaintiffs assert that Defendant "appear[s] to be a debt collector," they fail to allege any facts for the Court to make that inference. (ECF No. 1 at 4.) *See also Poltrock v. N.J. Auto. Accounts Mgmt. Co., Inc.*, Civ. No. 8-1999, 2008 WL 5416396, at *2 (D.N.J. Dec. 22, 2008) ("Plaintiff's bald assertion that [the defendant] is a 'debt collector' is insufficient to confer liability under the FDCPA."). Plaintiffs fail to allege that Defendant's "[reason for being] is obtaining payment on the debts that it acquires," as required under the FDCPA's principal purpose definition. *Barbato v. Greystone All., LLC*, 916 F.3d 260, 267 (3d Cir. 2019). Nor does Defendant qualify as a debt collector under the "regularly collects" test as Plaintiffs have not shown that Defendant

4

collects debt on behalf of "another." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017); *see also Beaumont v. Fay Servicing*, Civ. No. 16-0378, 2016 WL 4191729, at *3 (W.D. Pa. Aug. 9, 2016) (dismissing *pro se* plaintiff's FDCPA complaint in which "[the p]laintiff alleged in conclusory terms that the [mortgage servicer] Defendant was a 'debt collector' under the FDCPA" and failed to include any factual assertions in support).

Defendant correctly argues that mortgage servicing companies are not generally considered debt collectors under the FDCPA.[5] *Davis v. Bank of Am., NA*, Civ. No. 19-13515, 2020 WL 2764802, at *5, n. 5 (D.N.J. May 27, 2020) ("[T]he term 'debt collector' [is] not meant to encompass a mortgage servicing company."); *Tutanji v. Bank of Am.*, Civ. No. 12-887, 2012 WL 1964507, at *3 (D.N.J. May 31, 2012) ("[S]ervicers of residential mortgages have been consistently found by courts not to be 'debt collectors' under the FDCPA if the loan in question is not in default when acquired by the servicer") (collecting cases). There are limited exceptions to this rule. For example, a mortgage servicer who acquires a loan already in default may qualify as a "debt collector." *See Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 588 (D.N.J. 2016) ("The allegations in the complaint are insufficient to show that Defendant [ ] was assigned Plaintiff's loan after it had gone into default, and was therefore a "debt collector" subject to the FDCPA."). However, Plaintiffs have not plead any facts for this exception to apply. Therefore, Plaintiff's FDCPA claim is dismissed.

B.   **FCRA**

The FCRA is intended to protect consumers from inaccurate credit reporting practices. *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011). Under the statute,

---

[5]   While the Complaint does not identify what kind of business Defendant engages in, Defendant identifies as a mortgage loan servicer in their Motion to Dismiss. (*See* ECF No. 6 at 10.)

entities that furnish information to credit reporting agencies (CRAs) have a duty to provide accurate information. *Id*. (citing 15 U.S.C. § 1681s–2(a)). When a consumer disputes the accuracy of the information provided to the CRA, that entity must conduct an investigation and, if necessary, correct the information. *Id*. (citing 15 U.S.C. § 1681s–2(b)). An individual bringing a FCRA claim must allege that: "(1) [the consumer] sent notice of disputed information to a [CRA]. . ., (2) the [CRA] then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information."[6] *Cabrera*, 2024 WL 310523, at *5 (quoting *Franchino v. J.P. Morgan Chase Bank, N.A.*, No. 19-20893, 2020 WL 3046318, at *3 (D.N.J. June 8, 2020)) (internal quotations omitted).

Plaintiff's FCRA claim must be dismissed as Plaintiffs fail to allege that they alerted a CRA of any disputed information. *See Cabrera*, 2024 WL 310523, at *5 ("[The p]laintiff fails to allege that she notified a credit reporting agency about the purported dispute with the [defendants] over the accuracy of the mortgage information.). The Complaint states that "[D]efendant, Freedom Mortgage Corporation, reported fraudulent claims that has done severe damage to me and my credit." (ECF No. 1 at 4.) This is the sole allegation as to Plaintiff's potentially inaccurate credit information, which falls short of asserting a claim under the FCRA. Therefore, the Court dismisses Plaintiffs' FCRA claim.

---

[6] The court in *SimmsParris* notes that while the "FCRA has several provisions that create liability for violations of the act, . . . 15 U.S.C. § 1681s–2(b) [is] the only section that can be enforced by a *private citizen* seeking to recover damages caused by a furnisher of information." *SimmsParris*, 652 F.3d at 358 (emphasis added). The Court therefore construes the Complaint as bringing a claim under 15 U.S.C. § 1681s–2(b).

## IV.     CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**. An appropriate Order follows.

Dated: March 31, 2025

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**