<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CLEO-MYA HENDRICKSON,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>Defendant. | Civil Action No. 24-09618 (GC) (TCB)<br><br>**<u>MEMORANDUM OPINION</u>** |

**<u>CASTNER, District Judge</u>**

**THIS MATTER** comes before the Court upon Defendant Freedom Mortgage Corporation's Motion to Dismiss *pro se* Plaintiff Cleo-Mya Hendrickson's First Amended Complaint (FAC) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). (ECF No. 15.) Plaintiff opposed and Defendant replied. (ECF Nos. 20, 21.)[1] The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's Motion is **GRANTED**.

---

[1] After Defendant filed its reply brief, Plaintiff submitted an "Affidavit of Truth Statement in Support of Opposition for Dismissal." (*See* ECF No. 22.) The Court will treat this filing as a sur-reply, which it need not consider because it was filed without the Court's permission. *See* L. Civ. R. 7.1(d)(6). However, due to Plaintiff's *pro se* status, the Court has considered the sur-reply in deciding this Motion.

I. **BACKGROUND**

Defendant is a mortgage services provider. (ECF No. 14 at 4.)² On or around April 10, 2024, Plaintiff received a letter from Defendant about a claim being due. (*Id.* at 3.) Plaintiff asked Defendant to verify that Defendant was the rightful recipient of the debt. (*Id.*) Defendant did not respond to this request. (*Id.*) On May 2, 2024, Defendant sent Plaintiff a second letter stating the amount originally due had doubled. (*Id.*) Plaintiff agreed to pay the debt on the condition that Defendant verify it was the right recipient of the debt. (*Id.*; *see also* ECF No. 14-1 at 2.) Defendant did not respond to this request and continued to send letters requesting payment. (ECF No. 14 at 3.)

This back and forth continued. On June 12, 2024, Defendant wrote to Plaintiff that "[o]n November 6, 2020 you gave a mortgage . . . to obtain a loan . . . . We have not received your loan payments for the period of April 1, 2024 through June 1, 2024, which means your loan is in default." (ECF No. 14-1 at 33.) On June 21, 2024, Plaintiff sent a letter to Defendant giving it "one last chance to respond and show that they had the proper authority to send such a claim and [were the] rightful recipient." (ECF No. 14 at 3; ECF No. 14-1 at 5.) The letter also stated that if Defendant failed to respond, that failure—according to Plaintiff—would render the claim "discharged/null and void." (ECF No. 14 at 3; ECF No. 14-1 at 5.) Defendant did not respond with the requested information. (ECF No. 14 at 3.) Later, Plaintiff became aware that Defendant claimed to be a mortgage services provider. (*Id.* at 4.) Plaintiff alleges that, as a result, Defendant "is a Debt Collector and [she] has no reason to believe otherwise." (*Id.*)

---

² Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

On October 3, 2024, Plaintiff filed a Complaint, alleging violations of the Fair Credit Reporting Act (FRCA) and Fair Debt Collection Practices Act (FDCPA). (ECF No. 1.) On March 31, 2025, the Court dismissed the Complaint without prejudice, finding that Plaintiff failed to allege that she notified a credit reporting agency about the dispute, as is required under the FRCA, and that she failed to allege that Defendant was a "debt collector," as is required under the FDCPA. (ECF No. 12.) On April 28, 2025, Plaintiff filed the FAC. (ECF No. 14.) In her FAC, Plaintiff abandons the FRCA claim and asserts just one cause of action: violation of the FDCPA. (ECF No. 14 at 3.) Plaintiff seeks $3,752,000 in damages, which she claims amounts to "seven times (7X) that of [her] initial complaint." (*Id.* at 6.)[3]

## II. LEGAL STANDARD

### A. Rule 12(b)(6) – Failure to State a Claim

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere

---

[3]   The Complaint listed LaVarr-St. John Baxter as an additional Plaintiff. (*See* ECF No. 1 at 1.) Cleo-Mya Hendrickson is the only Plaintiff listed in the FAC. (*See* ECF No. 14 at 1.)

conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

### B.  *Pro Se* Leniency

Plaintiff is proceeding *pro se* and "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Att'y Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "'Courts are to construe complaints so 'as to do substantial justice,' Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). "Liberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

The FDCPA authorizes lawsuits against debt collectors who engage in certain prohibited debt collection practices. *See* 15 U.S.C. § 1692k(a). To establish a claim under the FDCPA, a plaintiff must allege that: (1) they are a consumer; (2) the defendant is a debt collector; (3) the plaintiff is challenging a defendant's attempt to collect a "debt," as defined under the FDCPA; and (4) the defendant violated the FDCPA in attempting to collect the debt. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015).

Defendant, as it did in its motion to dismiss Plaintiff's Complaint, contends that Plaintiff's FDCPA claim fails because Plaintiff fails to allege the second element—that Defendant is a "debt collector." (ECF No. 15-1 at 10-14.) Under the FDCPA, a "debt collector" is either (1) a person who uses an instrument of interstate commerce to engage in business, "the principal purpose of which is the collection of any debts" (the "principal purpose" definition); or (2) a person who "regularly collects or attempts to collect . . . debts owed or due . . . [to] another" (the "regularly collects" definition). *Cabrera v. Nazor*, Civ. No. 23-2745, 2024 WL 310523, at *6 (D.N.J. Jan. 25, 2024) (quoting 15 U.S.C. § 1692a(6)).

Here, Plaintiff fails to allege Defendant is a debt collector under the "principal purpose" definition. Plaintiff merely states that Defendant "is a Debt Collector and [Plaintiff] has no reason to believe otherwise." (ECF. No. 14 at 4.) But that is insufficient. Even liberally construed, nowhere does Plaintiff allege facts rendering it plausible that Defendant's "principal purpose" is "the collection of . . . debts." *Cabrera*, 2024 WL 310523, at *6; *see also Barbato v. Greystone All., LLC*, 916 F.3d 260, 267 (3d Cir. 2019).

As for the "regularly collects" definition, Plaintiff's pleading is insufficient for two reasons. First, Plaintiff has not pled that Defendant collects debt on behalf of "another," as is required under 15 U.S.C. § 1692a(6). *See Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017) (stating that the statutory "language seems to focus our attention on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself"). "Debt collectors" do not encompass so-called "creditors" who seek to recover a debt owed to them personally. *See* 15 U.S.C. § 1692a(6)(A) (stating that the term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor"); *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018) ("Creditors—as opposed

5

to 'debt collectors'—generally are not subject to the [FDCPA]."); *Challenger v. Experian Info Sols., Inc.*, Civ No. 06-5263, 2007 WL 895774, at *1-2 (D.N.J. Mar. 22, 2007) (dismissing complaint when plaintiff failed to allege defendant attempted to collect debt on behalf of another). Here, as Defendant highlights, "servicers can and do collect debts for their own accounts." (ECF No. 15-1 at 12.) And Plaintiff even acknowledges that the "original lender stat[ed] they have nothing to do with my mortgage" so it is unclear "who [Defendant is] allegedly collecting for." (ECF No. 22 at 3; *see also* ECF No. 22-4 at 32.) In other words, Plaintiff fails to adequately plead that Defendant is collecting on behalf of another as opposed to for itself to fall under the "regularly collects" definition. *See Henson*, 582 U.S. at 83; *Challenger*, 2007 WL 895774, at *1-2.

Second, Plaintiff fails to allege that Defendant "regularly collects" within the meaning of 15 U.S.C. § 1692a(6). To satisfy this requirement, Plaintiff must allege that Defendant "collect[s] for others in the regular course of business." *Siwulec v. J.M. Adjustment Servs., LLC*, 465 F. App'x 200, 203 n.2 (3d Cir. 2012) (internal quotation marks omitted). "Allegations of communications sent to [p]laintiff alone are insufficient to . . . meet the 'regularity' requirement." *Coles v. Zucker Goldberg & Ackerman*, Civ. No. 14-1612, 2015 WL 4578479, at *7 (D.N.J. July 29, 2015), *aff'd* 658 F. App'x 108 (3d Cir. 2016); *see also Raciti v. Rushmore Loan Mgmt. Servs., LLC*, Civ. No. 18-14869, 2020 WL 13816459, at *4 (D.N.J. May 7, 2020) (finding "multiple collection attempts directed toward [p]laintiffs" insufficient to satisfy the "regularly collects" definition). Here, Plaintiff pleads that Defendant repeatedly attempted to collect a debt from *Plaintiff*. (ECF No. 14 at 3-4.) But these allegations on their own are insufficient. *See Coles*, 2015 WL 4578479, at *7; *Raciti*, 2020 WL 13816459, at *4. Nowhere in the FAC does Plaintiff allege that Defendant regularly collects debts outside of this isolated claim. (*See generally* ECF No. 14.) Therefore, Plaintiff fails to allege Defendant "regularly collects" under the FDCPA.

6

Even if Plaintiff had adequately pled that Defendant is a debt collector that "regularly collects" under the FDCPA, Plaintiff's claim would still fail because the loan did not appear to go into default until 2024, four years after it was obtained by Defendant. *See* 15 U.S.C. § 1692a(6)(F) (a debt collector cannot be "any person collecting or attempting to collect any debt owed or due . . . to . . . another to the extent such activity . . . concerns a debt *which was not in default at the time it was obtained by such person*." (emphasis added). Courts have held that mortgage service providers are not "debt collectors" if they acquire the right to service the loan or debt *before* it goes into default. *See*, *e.g.*, *Scalercio-Isenberg v. Select Portfolio Servicing, Inc.*, Civ. No. 20-4501, 2021 WL 268155, at *2 (D.N.J Jan. 27, 2021) (dismissing complaint when it failed to "indicate that the mortgage loan was in default when [d]efendant became the mortgage servicer"); *Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 588 (D.N.J. 2016) ("[T]he allegations in the complaint are insufficient to show that [the d]efendant [ ] was assigned [the p]laintiff's loan after it had gone into default, and was therefore a 'debt collector' subject to the FDCPA."); *Tutanji v. Bank of Am.*, Civ. No. 12-887, 2012 WL 1964507, at *3 (D.N.J. May 31, 2012) ("[S]ervicers of residential mortgages have been consistently found by courts not to be 'debt collectors' under the FDCPA if the loan in question is not in default when acquired by the servicer.").[4] And these holdings are consistent with the legislative history of the FDCPA. *See* S. Rep. No. 95-382, at 3-4 (1977) (explaining that the term "debt collector" is not meant to cover "mortgage service

---

[4] By contrast, if the mortgage service provider began servicing the loan when it was in default, courts have found the provider to be a debt collector. *See*, *e.g.*, *Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1204 (M.D. Fla. 2015) (finding mortgage service provider was a debt collector when terms of note stated plaintiffs "were in default if they missed two or more consecutive payments" and when the mortgage service provider "took over the[] loan, the [plaintiffs] had previously missed two or more consecutive payments").

companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing").

Based on the Court's review of the FAC, it appears the alleged debt went into default in April 2024, after the Defendant began servicing the mortgage. (*See generally* ECF No. 14.) Plaintiff does not plead any facts to the contrary. Also, the documents Plaintiff attaches to her filings reveal that the debt did not appear to be in default at the time of servicing. Defendant began servicing the loan in 2020. (*See* ECF 22-4 at 1-2 (analysis report for property stating loan closed on November 6, 2020 and listing Defendant as mortgage servicer); ECF 14-1 at 33 ("On November 6, 2020 [Plaintiff] gave a mortgage . . . .") The loan did not go into default until 2024. (*See* ECF 14-1 at 33.) Thus, Plaintiff has not plausibly pled that Defendant began servicing the loan after it went into default.[5] *See Scalercio-Isenberg*, 2021 WL 268155, at *2; *Block*, 221 F. Supp. 3d at 588; *Tutanji*, 2012 WL 1964507, at *3. Plaintiff therefore fails to plead that Defendant is a debt collector within the meaning of the FDCPA. And because Plaintiff has failed to plead an essential element of the only claim in her pleading, the FAC must be dismissed.[6]

---

[5] Plaintiff attaches an April 30, 2025 letter to her sur-reply that appears to be from the original lender of the 2020 mortgage and is addressed to Plaintiff. (ECF No. 22-4 at 32.) The letter states the lender "has no interest in [Plaintiff's] loan and has had no involvement in . . . any of [Plaintiff's] transactions for nearly three years." (*Id.*) It is unclear how the letter changes the factual allegations as to when the alleged debt went into default. Nonetheless, Plaintiff cannot amend her FAC by way of her brief. *See Olson v. Ako*, 724 F. App'x 160, 166 (3d Cir. 2018) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotation marks and citations omitted). Plaintiff must allege that Defendant is a "debt collector" within the meaning of the statute, which requires alleging that Defendant began servicing the loan before it went into default. The ambiguities introduced through this April 30, 2025 letter do not satisfy this requirement because Plaintiff still alleges that Defendant began servicing the loan in 2020 and nowhere alleges the loan was in default at that time. (*See* ECF 14-1 at 33; ECF No. 22-4 at 1-2.)

[6] Defendant "briefly addresses" a potential second cause of action—fraud—given that Plaintiff "conclusorily allege[s] [Defendant] made false claims and misrepresentations." (ECF No. 15-1 at 14-16.) But Plaintiff explicitly carves out her cause of action in the first paragraph of its FAC, and fraud is not included. (ECF No. 14 at 3.) In fact, Plaintiff makes clear that she is not

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant's Motion (ECF No. 15) is **GRANTED**.[7] An appropriate Order follows.

Dated: October 23rd, 2025

                                              *Georgette Castner*
                                              **GEORGETTE CASTNER**
                                              **UNITED STATES DISTRICT JUDGE**

---

seeking relief under a theory of fraud. (*See* ECF No. 22 at 3 ("[Plaintiff] does not assert that she is pursuing fraud claims at this time.").) Therefore, the Court will not address the issue of fraud.

[7]     Defendant requests that the Court dismiss Plaintiff's FAC with prejudice because the Court has now provided Plaintiff with two opportunities to allege Defendant is a debt collector. (*See* ECF No. 15-1 at 16.) However, it is not proper to dismiss a complaint with prejudice unless any amendment would be futile. *See Freeman v. Harris*, 716 F. App'x 132, 134 (3d Cir. 2018). Given the ambiguities in Plaintiff's allegations, the Court will give Plaintiff one final opportunity to amend her Complaint to state a plausible claim for relief under the FDCPA.